*Filed in Open Court this 30th day of March, 2007*
*DE*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal Action No. 06-135-JJF |
| | ) | |
| JOSE MEJIA-LUNA | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorney, Robert F. Kravetz, Assistant United States Attorney for the District of Delaware, with the knowledge and consent of Colm F. Connolly, United States Attorney for the District of Delaware, and the defendant, Jose Mejia-Luna, by and through his attorney, Andrew J. Witherell, Esquire, the following agreement is hereby entered into by the respective parties:

1. The defendant agrees to plead guilty in the United States District Court for the District of Delaware to Count One of the Indictment, which charges him with knowingly possessing an alien registration receipt card, knowing it to be forged, counterfeited, altered, or falsely made, in violation of Title 18, United States Code, Section 1546(a). The maximum penalties for Count One are ten years imprisonment, a $250,000 fine, three years of supervised release, and a $100 special assessment.

2. The defendant understands that if there were a trial, the Government would have to prove beyond a reasonable doubt the following essential elements of the offense: (1) the defendant



FILED
MAR 30 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

receipt card was forged, counterfeit, altered, or falsely made.

    3.    In connection with the parties' agreement, the defendant acknowledges that (1) on or about November 17, 2006, he knowingly possessed an alien registration receipt card; (2) knowing that such alien registration receipt card was forged, counterfeit, altered, or falsely made.

    4.    The defendant understands that at sentencing the District Court must consider the United States Sentencing Guidelines and take them into account in exercising its discretion to determine the appropriate sentence and must also consider the other factors bearing on an appropriate sentence pursuant to 18 U.S.C. § 3553(a). The defendant further understands that the Government will recommend that the Court impose a sentence consistent with the sentencing range set forth by the Sentencing Guidelines. The defendant understands that the Court is not bound by any stipulation between the parties, and that if the Court calculates the guidelines differently than he expects, or contrary to any stipulation of the parties or recommendation of his attorney, that he will not be allowed to withdraw his guilty plea.

    5.    Provided that the United States does not learn after the entry of the defendant's guilty plea of conduct by the defendant that is inconsistent with acceptance of responsibility, the United States agrees to recommend a two-level reduction in the defendant's sentencing guideline range pursuant to U.S.S.G. § 3E1.1.

    6.    The defendant agrees to pay the $100 special assessment the day of sentencing. Should he fail to do so, the Defendant agrees to enter voluntarily into the United States Bureau of Prisons' administered program known as the Inmate Financial Responsibility Program, through which the

Bureau of Prisons will collect a portion of defendant's prison salary and apply it on defendant's behalf to the payment of the outstanding debt ordered.

7. The United States Attorney reserves the right to defend any ruling of the District Court should there be an appeal from this case.

8. It is further agreed by the undersigned parties that this Memorandum supersedes all prior promises, representations, and statements of the parties; that this Memorandum may be modified only in a written document signed by all the parties; and, that any and all promises, representations, and statements made prior to or after this Memorandum are null and void and have no effect whatsoever.

COLM F. CONNOLLY
United States Attorney

_____
Andrew J. Witherell
Attorney for Defendant

By: _____
Robert F. Kravetz
Assistant United States Attorney

_____
Jose Mejia-Luna
Defendant

Dated: March 30, 2007

**AND NOW**, this __30__ day of March 2007, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by this Court.

_____
Hon. Joseph J. Farnan, Jr.
United States District Judge

3